NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**REGENTS OF THE UNIVERSITY OF CALIFORNIA,**
*Appellant*

**v.**

**SATCO PRODUCTS, INC.,**
*Appellee*

---

2022-1106, 2022-1107, 2022-1108, 2022-1109

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2020-00579, IPR2020-00695, IPR2020-00780, IPR2020-00813.

---

Decided: May 16, 2023

---

JENNIFER HAYES, Nixon Peabody LLP, Los Angeles, CA, argued for appellant. Also represented by SHAWN G. HANSEN, SETH D. LEVY; ANGELO CHRISTOPHER, Chicago, IL.

NICHOLAS A. BROWN, Greenberg Traurig, LLP, San Francisco, CA, argued for appellee. Also represented by SCOTT JOSEPH BORNSTEIN, BRIAN JOSEPH PREW, New York, NY; HEATH BRIGGS, STEPHEN ULLMER, Denver, CO; ROBERT P. LYNN, JR., Lynn Gartner Dunne & Frigenti, LLP, Mineola, NY.

_____

Before MOORE, *Chief Judge*, TARANTO and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

Regents of the University of California (Regents) timely appeals four decisions by the Patent and Trial Appeal Board (Board) determining that certain claims of U.S. Patent Nos. 7,781,789; 9,240,529; 9,859,464; and 10,217,916 are unpatentable under 35 U.S.C. §§ 102 and 103 over Japanese Patent Application No. 2005/035864 (Miyahara), alone and in combination with other references.[1]    We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).  Because we adopt the Board's construction of "lead frame," we *affirm*.

The only issue before us on the Miyahara-based rejections is the construction of "lead frame."  We agree with the Board that "lead frame" means "a support structure for providing an interface to a semiconductor die, where the lead frame structure, as a whole, provides support to the semiconductor die."  The parties agree, as they did in front of the Board, "that the transparent plate may be considered a part of the lead frame," but disagree "whether the leads themselves must provide support to the LED chip."  J.A. 54; Appellant's Br. 37–39; Appellee's Br. 14–19; Oral Arg. at 1:01–1:12.  Specifically, Regents argues that a "lead frame" requires at least one of the leads to provide

_____

[1]    Although Regents raises other prior art references and multiple dependent claims on appeal, Appellant's Br. 26–27, the parties agree that resolution of the claim construction issue with respect to the Miyahara-based rejections disposes of the entire appeal.  Oral Arg. at 9:53–10:28; 14:26–14:39; 16:21–16:31. *See also* Appellant's Br. 51, 55–56, and 65.

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA v.
SATCO PRODUCTS, INC.

3

structural support to the LED chip and the support cannot come from the transparent plate alone. Appellant's Br. 41–42. We disagree and conclude that the term "lead frame" permits any part of the "lead frame," including a transparent plate, to provide support to the LED chip. Nothing in the claims or specification of any of the four patents, nor in the extrinsic evidence, requires the leads of the lead frame, as that term is used in the context of the patents, to support the LED chip. At best, the specification discloses that the LED chip is attached or wire bonded to the leads, not that the leads provide support. Regents also points to the specification's discussion of prior art lead frames to support its argument that the lead must support the LED chip. Appellant's Br. 42–43; Oral Arg. at 9:21–9:44. However, unlike the prior art discussed in the specification, these patents cover a different type of lead frame that includes a transparent plate. Accordingly, we adopt the Board's construction of "lead frame."[2]

We have considered Regents's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

---

[2]    Regents does not dispute the Board's factual findings on the Miyahara-based rejections under this construction. Oral Arg. at 9:53–10:38; *see also* Appellant's Br. 51, 55–56, 65.